UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE JESUS VIEYRA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 10-CV-1412 |
| § | |
| HARRIS COUNTY, TEXAS, L.D. § | |
| ANDERES, and TOMMY R. THOMAS, § | |
| § | |
| Defendants. § | |
| § | |

## MEMORANDUM AND ORDER

Pending before the Court are several Motions to Dismiss (Doc. Nos. 21, 22, 29, 48) filed by Defendants Harris County and Tommy Thomas (collectively, "Defendants"). This order addresses only the statute of limitations and election of remedies issues raised in those motions.

### I. Background[1]

Plaintiff Jose Jesus Vieyra was arrested by employees of the Harris County Sheriff's Department ("Sheriff's Department") on February 21, 2008. This lawsuit relates to the arrest and its aftermath. On the day of the arrest, Plaintiff was at the scene of an automobile accident caused by Harris County Deputy Sheriff Craig Miller ("Miller"), who at the time was on duty as a member of then-Sheriff Thomas's special squad and had a blood alcohol level ranging from 0.27 to 0.32. Miller was attempting a high speed maneuver around Plaintiff's truck and clipped the rear driver's side of Plaintiff's truck,

---

[1] Except as noted, these facts are taken from Plaintiff's Second Amended Complaint (Doc. No. 43) and are assumed to be true for purposes of the Motion to Dismiss. See *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

1

resulting in Miller's SUV swerving out of control and colliding with the concrete barrier adjacent to the traffic lanes of the Katy Freeway.

Plaintiff appeared before a magistrate the following day, on February 22, 2008, for a probable cause hearing. Plaintiff was charged with negligent homicide stemming from the events of February 21, 2008. Plaintiff was eventually released from custody on bond on April 12, 2008. The criminal charge against Plaintiff was dismissed by the District Attorney's office on August 7, 2008 due to insufficient evidence.

Plaintiff alleges that he was falsely arrested as a result of the Sheriff's Department's rush to judgment that Plaintiff was responsible for the accident. He alleges that this, in turn, was in part because of his Hispanic origin. Plaintiff also alleges that he was shackled by chaining his hands to his waist and his two feet together during his arrest and that he was held in isolation from the general county population for an extended and unreasonable period of time, with unreasonable limitations on family visitation. As a result of these events, Plaintiff contends he mentally abused and injured, requiring ongoing psychiatric treatment, and was forced to sell his home to pay for expenses he incurred. Plaintiff alleges that Defendants and others arrested him and brought charges against him in order to cover up misconduct by Miller. He also alleges that his mistreatment occurred as part of a policy or practice of the Sheriff's Department.

Plaintiff brings claims under 42 U.S.C. § 1983 ("§ 1983") for violations of the Fourth and Fourteenth Amendments to the U.S. Constitution, asserting false arrest, invasion of privacy, excessive force, deprivation of visitation, failure to train Miller and other deputies, denying equal protection under the law (including discriminating against Hispanics as a matter of policy, procedure, and/or custom), denying meaningful access to

2

due process, conspiring to deprive Plaintiff of his constitutional rights, and depriving Plaintiff of a property interest in his homestead. Plaintiff also brings claims under 42 U.S.C. §§ 1985 and 1986 for conspiracy to violate his constitutional rights and under state tort law for intentional infliction of mental anguish, conspiracy, defamation, and malicious prosecution. Plaintiff seeks damages, including exemplary and/or punitive damages, along with attorney's fees. Defendants are Harris County, Texas ("Harris County"); Tommy R. Thomas ("Thomas"), the former sheriff of Harris County; and L.D. Anderes ("Anderes"), the lead investigator at the scene of the accident on February 21, 2008.[2]

## II.   Legal Standard

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009)

---

[2] Plaintiff does not specify in the Second Amended Complaint whether Defendants Thomas and Anderes are sued in their individual or official capacities, or both. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed."); *see also Mercer v. Harr*, 2005 WL 1828581, at *9 (S.D. Tex. Aug. 2, 2005). It is clear from the complaint that Plaintiff seeks damages against Thomas and Anderes for actions they took under color of state law, and not as "only another way of pleading an action against an entity of which an officer is an agent." *Graham*, 473 U.S. at 165 (citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690, n.55 (1978)). Moreover, as the *Graham* court noted, "There is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, local government units can be sued directly for damages and injunctive or declaratory relief." 473 U.S. at 167 n.14. In this case, Plaintiff has directly sued Harris County, so it need not sue its employees in their official capacities to obtain the same relief. For those reasons, and because there is no contrary indication from Plaintiff, the Court will construe the claims against Defendants Thomas and Anderes as individual-capacity claims.

3

(quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Furthermore, a Court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's*

*Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "[T]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citation omitted).

### III. Statute of Limitations

As discussed above, Plaintiff was arrested on February 21, 2008. He does not dispute that he was given a probable cause hearing before a magistrate the following day. Plaintiff was released from custody on bond on April 12, 2008, and the criminal charges against him were dismissed on August 7, 2008. This lawsuit was filed in state court on April 5, 2010. Defendants assert that Plaintiff's claims for false arrest and imprisonment under the Fourth Amendment to the U.S. Constitution and for malicious prosecution and defamation under state law are barred by the applicable statutes of limitation.

#### A. False Arrest

The statute of limitations for federal causes of action under § 1983 is the same as that generally provided for personal-injury torts in the state where the cause of action arose. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). The applicable period for § 1983 claims arising in Texas is two years. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (Vernon's 2002). The parties disagree, however, as to when the statute of limitations began to run. Defendants argue it ran from February 22, 2008, when Plaintiff appeared before the magistrate. Plaintiff argues that it did not begin to run until at least April 12, 2008, when he was released from custody.

#### 1. Accrual Date

5

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original). In *Wallace*, the Supreme Court held that, for § 1983 claims for false arrest in violation of the Fourth Amendment, the statute of limitations begins to run when the victim ceases being held unlawfully and becomes held pursuant to legal process—"when, for example, he is bound over by a magistrate or arraigned on charges." 549 U.S. at 389. The Court reasoned that the harm from false arrest or imprisonment ends when legal process begins, and "[f]rom that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id.* at 390. The Court specifically rejected as impractical and bizarre the plaintiff's contention that, under *Heck v. Humphrey*, 512 U.S. 477 (1994), the statute of limitations could not begin to run until the charges were dropped against him.

Plaintiff attempts to distinguish *Wallace* from the instant case on the grounds that in this case "there was no arrest followed by criminal proceedings." (Doc. No. 35, at 4.) Whereas the plaintiff in *Wallace* had been convicted of a crime and subsequently had his conviction reversed, the charges were dropped against Plaintiff without any conviction. Despite that factual difference, however, *Wallace* discussed precisely the type of case at issue here. The *Wallace* court gave as examples of when a person becomes held pursuant to legal process—and thus when the statute of limitations for the false arrest claim begins to run—when "he is bound over by a magistrate or arraigned on charges." Although Plaintiff was never convicted of a crime, a magistrate did find that there was probable cause for his further detention. (Doc. No. 22-1, Probable Cause for Further Detention &

6

Statutory Warnings By Magistrate.)[3] Moreover, in rejecting the extension of *Heck* to false arrest claims, the *Wallace* court specifically discussed the problems with a rule that would make such claims dependent on "whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict." 549 U.S. at 393. Thus, the *Wallace* rule applies in this case, and the statute of limitations began running on February 22, 2008.[4]

## 2. Equitable Tolling

That does not end the Court's inquiry, however. Plaintiff argues that the statute of limitations was equitably tolled, and that that the "discovery rule" applies because Plaintiff was unaware that he possessed claims against Defendants until after he was released from jail. (Doc. No. 35, at 2-3.)

Federal courts refer to state law with regard to equitable tolling. *Wallace*, 549 U.S. at 394 (citing *Hardin v. Straub*, 490 U.S. 536, 538-539 (1989)). Texas law provides that if "a person is under a legal disability," such as if he is "of unsound mind," "when the cause of action accrues, the time of the disability is not included in a limitations period." Tex. Civ. Prac. & Rem. Code § 16.001 (Vernon's 2002). "A disability that arises after a limitations period starts does not suspend the running of the period." *Id.* "Generally, persons of unsound mind and insane persons are synonymous." *Freeman v. American Motorists Ins. Co.*, 53 S.W.3d 710, 713 (Tex. App. – Houston [1st Dist.] 2001,

---

[3] *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record")

[4] Plaintiff also argues that *Wallace* should not apply because his wrongful arrest and confinement was a "continuing tort" under Texas law. *See Krohn v. Marcus Cable Associates, L.P.*, 201 S.W.3d 876, 880 (Tex. App. – Waco 2006, pet. denied) ("A cause of action for a continuing tort does not accrue until the defendant's tortious conduct ceases.") However, *Wallace* makes clear that the date of accrual for § 1983 claims is a matter of federal law. 549 U.S. at 388. Furthermore, *Wallace* clearly contradicts the substances of Plaintiff's "continuing tort" claim by holding that false arrest claims under § 1983 accrue when a magistrate holds the victim over. *Id.* at 389.

no pet.). However, "it is **not** required that the plaintiff be *adjudicated* incompetent." *Casu v. CBI Na-Con, Inc.*, 881 S.W.2d 32, 34 (Tex. App. – Houston [14th Dist.] 1994, no writ) (emphasis in original).

Plaintiff alleges that he suffered "mental anguish" and "pain and suffering," and asserts in his Response to the Motions to Dismiss that he suffered from "anxiety" while in jail. (Doc. No. 43, at 7-8; Doc. No. 35, at 5.) Plaintiff has not properly alleged that he was of an unsound mind when the cause of action accrued. First, his allegations are only statements about his mental health, without any allegations about the severity of his mental health issues or any claim that they rose to the level of "unsound mind." Second, all of Plaintiff's allegations about his mental health relate to harm caused in custody. Because the cause of action accrued the day after he was arrested, it would not be sufficient for Plaintiff to have become of unsound mind at a later point in his custody; he would have to have been of unsound mind on February 22, 2008. *See* Tex. Civ. Prac. & Rem. Code § 16.001(d) (Vernon's 2002). Plaintiff has not alleged facts to that effect, so equitable tolling does not apply.

### 3. Discovery Rule

In Texas, "the discovery rule may defer accrual of a cause of action until the plaintiff knew or, by exercising reasonable diligence, should have known of the facts giving rise to a cause of action." *Barker v. Eckman*, 213 S.W.3d 306, 311-12 (Tex. 2006). "In order for the discovery rule to apply, the nature of the injury must be inherently undiscoverable and the injury itself must be objectively verifiable." *Id.* at 312. "Inherently undiscoverable" conduct can include legal or medical malpractice, false credit reports, or fraud. *Lang v. City of Nacogdoches*, 942 S.W.2d 752, 758 (Tex. App. –

Tyler 1997, pet. denied). When the plaintiff had actual or constructive notice of the facts giving rise to the cause of action, the discovery rule does not apply. *Id.*; *see also Trigo v. TDCJ-CID Officials*, 2010 WL 3359481, at *9 (S.D. Tex. Aug. 24, 2010) ("The discovery rule defers limitations until a plaintiff discovers, or through the exercise of reasonable care and diligence should have discovered, facts indicating that he has been injured."). "An injury is objectively verifiable if the presence of injury and the producing wrongful act cannot be disputed, and the facts upon which liability is asserted are demonstrated by direct, physical evidence." *Hay v. Shell Oil Co.*, 986 S.W.2d 772, 777 (Tex. App. – Corpus Christi 1999, pet. denied). Thus, "the presence of [a] sponge in [a] plaintiff's body and how it got there were undisputable," while claims that must be proven by expert testimony that does not reach the level of "near consensus" are not "objectively verifiable." *Id.* (citing *Gaddis v. Smith*, 417 S.W.2d 577, 578 (Tex. 1967) and *Robinson v. Weaver*, 550 S.W.2d 18, 15, 21-22 (Tex. 1977)).

The Court finds that the discovery rule does not apply to defer the accrual date of the false arrest claim. Even assuming, for the sake of argument, that the false arrest claim could be "objectively verifiable," such a claim cannot be considered "inherently undiscoverable." The alleged misconduct occurred to Plaintiff himself, and there was nothing concealed about the act of the claimed false arrest itself. That Plaintiff discovered evidence supporting the false arrest claim at a later date does not make it inherently undiscoverable, because Plaintiff had actual notice of the central facts giving rise to the claim. Therefore, because this action was not filed until April 5, 2010, the false arrest claim is barred by the statute of limitations.

**B. Intentional Torts**

9

The statute of limitations for malicious prosecution, libel, and slander is one year. Tex. Civ. Prac. & Rem. Code § 16.002(a) (Vernon's 2002).

### 1. Defamation

A cause of action for libel or slander accrues at the time of publication of the allegedly defamatory statement. *Langston v. Eagle Pub. Co.*, 719 S.W.2d 612, 615 (Tex. App. –Waco 1986, writ ref'd n.r.e.). However, if a defamatory statement is republished, the plaintiff has a separate cause of action that he may bring within one year of the republication date. *Carr v. Mobile Video Tapes, Inc.*, 893 S.W.2d 613, 619 (Tex. App. – Corpus Christi 1994, no writ). Furthermore, the discovery rule can apply to defamation actions, so the statute of limitations "does not begin to run until the injured party learns of or, in the exercise of reasonable diligence, should have learned of the injury or wrong giving rise to the action." *Langston*, 719 S.W.2d at 615.

Plaintiff has not alleged that any defamatory statement was made or republished within one year of his filing this suit on April 5, 2010. The discovery rule does not apply because Plaintiff does not claim to have learned of the injury or of the wrong giving rise to the action anytime after April 5, 2009. Finally, for the reasons discussed above, Plaintiff has not pled facts sufficient for a finding of equitable tolling.

Therefore, because this case was filed more than one year after the cause of action for defamation accrued, Plaintiff's defamation claims are barred by the statute of limitations.

### 2. Malicious Prosecution

The one-year statute of limitations for malicious prosecution begins to run "upon the termination of the criminal prosecution." *Leal v. American Nat. Ins. Co.*, 928 S.W.2d

592, 596 (Tex. App. –Corpus Christi 1996, writ denied). That requires only that "the formal proceedings are terminated, not [that] the prosecution finally decides that it no longer desires to pursue the matter." *Id.* at 597. In this case, the Assistant District Attorney dismissed the criminal charge against Plaintiff on August 7, 2008, so the cause of action accrued on that date.

The discovery rule does not generally apply to malicious prosecution claims, as the public records filed to prosecute and terminate prosecutions normally constitute actual or constructive notice to the plaintiff. *Lang*, 942 S.W.2d at 757. Plaintiff has alleged no exceptional facts about his malicious prosecution claim that would suggest that the discovery rule should apply. And for the reasons discussed above, Plaintiff has not pled facts sufficient for a finding of equitable tolling.

Therefore, because this case was filed more than one year after the cause of action for defamation accrued, Plaintiff's malicious prosecution claim is barred by the statute of limitations.

### C. Other Claims

Plaintiff's others claims are not barred by the statutes of limitations. The remaining § 1983 claims—for due process and equal protection violations—are based, at least in part, on alleged conduct that took place after April 5, 2008—within two years of the filing of this case. The same is true for Plaintiff's conspiracy claims under 42 U.S.C. § 1985 and 1986, *see Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 n.10 (5th Cir. 1996) (two-year statute of limitations for § 1985 claims), and intentional

infliction of emotional distress claims tort claim. *See Bhalli v. Methodist Hosp.*, 896 S.W.2d 207, 211 (Tex. App. –Houston [1st Dist.] 1995, writ denied).[5]

### IV. ELECTION OF REMEDIES

Defendants argue that the remaining state tort claims against Defendants Thomas and Anderes should be dismissed pursuant to the "election of remedies" provision of the Texas Tort Claims Act. Under that provision, "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac & Rem. Code § 101.006(e). The purpose of this provision is "to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Mission Consol. Independent School Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) (citation omitted).

Because Plaintiff's tort claims are "tort theor[ies] against a governmental unit without any statutory basis" they are "'assumed to be under the Torts Claims Act for purposes of section 101.106.'" *Bustos v. Martini Club Inc.*, 599 F.3d 458, 464 (5th Cir. 2010) (quoting *Garcia*, 253 S.W.3d at 659). Furthermore, binding precedent dictates that "the election of remedies provisions in § 101.106 apply to state law intentional tort claims against a governmental unit and its employees." *Bustos*, 599 F.3d at 463 (citing *Garcia*). Accordingly, because the governmental unit, Harris County, has moved the

---

[5] Conspiracy is not a distinct tort in Texas but rather a means of holding a defendant liable for participation in some underlying tort. *See, e.g., Four Bros. Boat Works, Inc. v. Tesoro Petroleum Companies, Inc.*, 217 S.W.3d 653, 668 (Tex. App. –Houston [14 Dist.] 2006, pet. denied).

Court to dismiss its employees, the state tort claims against its employees must be dismissed.[6]

## V. CONCLUSION

Plaintiff's claims for false arrest under 42 U.S.C. § 1983 and for defamation and malicious prosecution under state tort law are **DISMISSED** as barred by the statutes of limitations. Plaintiff's state-law claims against Defendants Thomas and Anderes are **DISMISSED**. The Court will schedule a conference with the parties in order to discuss the status of Plaintiff's other claims, as well as whether granting Plaintiff leave to amend his complaint would be appropriate.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the 17th day of November, 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[6] The authority Plaintiff cites is not to the contrary. (*See* Doc. No. 32, at 1-2.) First, Plaintiff points to *Nueces City v. Hoff*, 105 S.W.3d 208, 211 (Tex. App. –Corpus Christi 2003), *rev'd on other grounds*, 153 S.W.3d 45 (Tex. 2004). Although that case does note that the election of remedies provision does not apply to § 1983 claims, the provision still applies to state tort claims even where § 1983 claims have also been alleged. *Id.* at 211 (citing *Nueces County v. Ferguson*, 97 S.W.3d 205, 218-19 and n.15 (Tex. App. –Corpus Christi 2002, no pet.). Second, Plaintiff points to *Ibarra v. Harris County*, 2007 WL 1879176 (5th Cir. June 28, 2007) (per curiam) (unpublished). In that case, however, the Court simply held that "Harris County has never filed a motion to dismiss its employees; therefore, the defendant officers have no automatic right to dismissal." *Id.* at *6. In this case, by contrast, Harris County did move for its employees to be dismissed, and so automatic dismissal applies.

13